**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLAND DIVISION**

PATRICIA ADAMO,

       Plaintiff,

v.                                               Case No:   6:16-cv-530-Orl-37GJK

SYNCHRONY BANK,

       Defendant.
_____

## ORDER

This cause is before the Court on the following matters:

(1) Synchrony Bank's Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. 18), filed May 3, 2016;

(2) Plaintiff's Memorandum of Law in Response to Defendant Synchrony Bank's Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. 20), filed May 9, 2016;

(3) Synchrony Bank's Motion to Stay Proceeding Pending Ruling by the Supreme Court and the D.C. Circuit Court of Appeals (Doc. 19), filed May 3, 2016; and

(4) Plaintiff's Memorandum of Law in Response to Defendant Synchrony Bank's Motion to Stay Proceedings Pending Ruling by the Supreme Court and the D.C. Circuit Court of Appeals (Doc. 21), filed May 9, 2016.

## BACKGROUND

Plaintiff Patricia Adamo ("**Plaintiff**") initiated this action by filing a two-count Complaint against Defendant Synchrony Bank ("**Defendant**") for its alleged violations of:

(1) the Telephone Consumer Protection Act, Title 47, United States Code, § 227 ("**TCPA**") (Doc. 1, ¶¶ 30–32 ("**Count I**")); and (2) the Florida Consumer Collection Practices Act, Florida Statutes, § 559.55 (*id.* ¶¶ 33–37). Both claims arise from Plaintiff's allegations that Defendant has—since about November 2015—harassed her with a bombardment of credit account collections calls to her cellular telephone number. (*See id.* ¶¶ 9–29.) Defendant moved to dismiss Count I (Doc. 18 ("**Rule 12 Motion**")) and to stay these proceedings (Doc. 19 ("**Stay Motion**")). Plaintiff responded (Docs. 20, 21), and the matters are ripe for adjudication.

## LEGAL STANDARDS

### I. TCPA

Under the TCPA, it is unlawful "to make any call using an automatic telephone dialing system (an 'autodial system') to a cellular telephone without the prior express consent of the 'called party.'" *Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1266 (11th Cir. 2014) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). Recipients of such calls have a "private right of action for violations of the prohibition on autodialing." *See id.* at 1267 n.4; *see also* 47 U.S.C. § 227(b)(3). Injunctive relief, actual losses, and statutory penalties for each violation may be recovered. *See* 47 U.S.C. § 227(b)(3).

### II. Federal Rule of Civil Procedure 12(b)(6)

To avoid dismissal under Rule 12(b)(6), a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must dismiss a

cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## DISCUSSION

Defendant seeks a stay of this action pending resolution of appeals that were pending before the U.S. Supreme Court and a U.S. Circuit Court of Appeals. (*See* Doc. 19.) The Stay Motion is due to be denied because the U.S. Supreme Court has resolved *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), and the matter pending before the Circuit Court for the District of Columbia will be merely persuasive authority in the U.S. Court of Appeals for the Eleventh Circuit. The Rule 12 Motion also is due to be denied because the Complaint provides sufficient factual allegations to state a plausible claim under the TCPA. (*See* Docs. 1, 18.)

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Synchrony Bank's Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. 18) is **DENIED**.

(2) Synchrony Bank's Motion to Stay Proceeding Pending Ruling by the Supreme Court and the D.C. Circuit Court of Appeals (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 5, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Case 6:16-cv-00530-RBD-GJK   Document 32   Filed 07/06/16   Page 4 of 4 PageID 482